**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000462**
**15-APR-2020**
**07:48 AM**

NO. CAAP-17-0000462

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DARYL N. THOMAS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC-14-1-0000664)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Chan, JJ.)

Defendant-Appellant Daryl N. Thomas (**Thomas**) appeals from the "Judgment of Conviction and Sentence" (**Judgment**) entered against him and in favor of Plaintiff-Appellee State of Hawai'i (**the State**) on May 23, 2017, by the Circuit Court of the First Circuit (**Circuit Court**).[1]  Following a jury-waived trial, Thomas was found guilty of the offense of Violation of Restraining Order or Injunction against Harassment in violation of Hawaii Revised Statutes (**HRS**) § 604-10.5(i) (2016),[2] and sentenced to one year

---

[1]  The Honorable Sherri L. Iha presided.

[2]  HRS § 604-10.5(i) states:

§604-10.5 Power to enjoin and temporarily restrain harassment.

. . . .

(continued...)

of incarceration with credit for time served.

In his sole point of error on appeal, Thomas asserts that the Circuit Court erred in denying his motion to dismiss pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48. We conclude there are insufficient findings for us to review this appeal and thus remand for further proceedings.

HRPP Rule 48(b)(1) requires criminal charges to be dismissed if trial does not commence within 180 days from the arrest or the filing of charges, whichever is sooner. State v. Hoey, 77 Hawai'i 17, 28, 881 P.2d 504, 515 (1994). Thomas contends that the Circuit Court erred when it found that less than 180 "includable" days elapsed between his arrest on January 27, 2014 and the day of his trial on May 22, 2017. Specifically, Thomas asserts that the Circuit Court erred in excluding the following periods: (1) the 26-day period between his May 1, 2014 Circuit Court arraignment and plea hearing and the May 27, 2014 trial call; and (2) the 28-day period between the June 9, 2014

---

[2](...continued)

(i) A knowing or intentional violation of a restraining order or injunction issued pursuant to this section is a misdemeanor. The court shall sentence a violator to appropriate counseling and shall sentence a person convicted under this section as follows:

(1)  For a violation of an injunction or restraining order that occurs after a conviction for a violation of the same injunction or restraining order, the person shall be sentenced to a mandatory minimum jail sentence of not less than forty-eight hours; and

(2)  For any subsequent violation that occurs after a second conviction for violation of the same injunction or restraining order, the person shall be sentenced to a mandatory minimum jail sentence of not less than thirty days.

The court may suspend any jail sentence, except for the mandatory sentences under paragraphs (1) and (2), upon appropriate conditions, such as that the defendant remain alcohol- and drug-free, conviction-free, or complete court-ordered assessments or counseling. The court may suspend the mandatory sentences under paragraphs (1) and (2) where the violation of the injunction or restraining order does not involve violence or the threat of violence. Nothing in this section shall be construed as limiting the discretion of the judge to impose additional sanctions authorized in sentencing for a misdemeanor offense.

hearing on his motion to recall bench warrant and the July 7, 2014 hearing on the State's motion to consolidate cases. However, we are not able to address Thomas's contentions because the Circuit Court did not state its essential findings into the record in its oral denial of Thomas's motion. See State v. Hutch, 75 Haw. 307, 329-31, 861 P.2d 11, 22-23 (1993) (holding that the trial court commits reversible error where it fails to state into the record the essential findings it relies on in its denial of an HRPP Rule 48 motion). We note that the parties' appellate briefs have conflicting information regarding the periods of time that are in dispute.

"[M]otions to dismiss pursuant to HRPP 48(b), by their very nature, involve factual issues that must be resolved before they can be decided." Id. at 331, 861 P.2d at 23. "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Id. at 329-30, 861 P.2d at 22 (emphasis omitted) (quoting HRPP 12(e)).

At the hearing on Thomas's motion to dismiss, the Circuit Court stated the following pertaining to its HRPP Rule 48 calculation:

> THE COURT: Okay. So the Court just wants to point out a couple of periods that we disagree with. So date of arrest to A and P clearly is charged to the State. A and P referred to PD should be charged to the State.
> The rereferral is not charged to the State. All of that time period that goes down through the bench warrants and all the defense continuances are clearly not charged to the State.
> December 27th, 2016, when the defendant is found fit, to 2/21 should be charged to the State. And then pretty much the rest of the time should be charged to the State.
> According to our calculations, it still comes out to about 171 days.

We first note that it is unclear whether the calculation the Circuit Court entered into the record was in reference to the instant case. At the May 19, 2017 hearing, the Circuit Court presided over Thomas's motions to dismiss pursuant to HRPP Rule 48 filed in the instant case (1PC141000664) and also in an unrelated case to this appeal (1PC141000677). In its oral ruling, the Circuit Court did not explicitly state which case it

3

was referring to in its HRPP Rule 48 calculation.[3] While Thomas asserts on appeal that the calculation stated above was in reference to the instant case, the Circuit Court appears to state that this calculation was in reference to 1PC141000677 on two occasions during the hearing.

Even assuming that the Circuit Court's calculation was in reference to the instant case, the record is insufficient to enable this court to perform an adequate review. In its oral ruling denying Thomas's motion, the Circuit Court necessarily concluded that fewer than 180 "includable" days had elapsed. However, it is unclear how the Circuit Court reached its conclusion that "about 171 days" elapsed between Thomas's arrest and his trial. While the parties appear to agree that certain time periods were appropriately excluded from calculation, including the periods that Thomas moved for continuances and the period during which Thomas's fitness to proceed was being evaluated, they assert varying timelines and arguments as to whether certain other delays are excludable.[4]

Further, while the Circuit Court's oral ruling suggests that the Circuit Court intended to exclude certain days relating to Thomas's "rereferral", presumably to the Office of the Public Defender, and "[a]ll of that time period that goes down through the bench warrants and all the defense continuances" from HRPP Rule 48 calculation, it neglects to state any explanation of the precise number of days it excluded from its calculation or its basis for doing so. In light of the disputed periods of time

---

[3] The Circuit Court did not enter a written order denying Thomas's motion to dismiss in this case.

[4] Thomas asserts that the 26-day period between his May 1, 2014 Circuit Court arraignment and plea hearing and the May 27, 2014 trial call should have been included in the HRPP Rule 48 calculation. In response, the State appears to concede that this 26-day period was includable, however, argues that the 30-day period between January 28, 2014 and February 27, 2014 was excludable.

Thomas also contends that the 28-day period from June 9, 2014 to July 7, 2014 should have been included in the HRPP Rule 48 calculation. In response, the State argues that this period of delay was excludable under HRPP Rule 48(c)(3) and/or (c)(8).

that each party argues, we are not able to perform an adequate review without essential findings by the Circuit Court.  See Hutch, 75 Haw. at 329-31, 861 P.2d at 22-23.

Based on the foregoing, this case must be remanded for the entry of appropriate findings and a further order that meets the requirements of Hutch.  If on remand, the Circuit Court determines that HRPP Rule 48 was violated, it must vacate the Judgment and dismiss the charge against Thomas, with or without prejudice in its discretion, in accordance with State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981).  If the Circuit Court finds and concludes that HRPP Rule 48 was not violated, Thomas would be free to file a new appeal.

Accordingly, we vacate the Circuit Court's denial of Thomas's HRPP Rule 48 motion to dismiss, and we remand this case for further proceedings consistent with this order.

DATED:  Honolulu, Hawai'i, April 15, 2020.


On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Alexa D.M. Fujise
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge